IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHY RIOS, Individually and On Behalf of All Similarly Situated Persons,<br>　　Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-4643 |
| UTILITY FINANCIAL SERVICES, LLC,<br>　　Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Utility Financial Services, LLC ("UFS" or "Defendant") has a business plan that includes hiring non-exempt office staff and misclassifying them as exempt employees even though they do not perform the job duties of an exempt employee.  UFS does this in order to avoid paying overtime pay, saving the Defendant money and allowing it to gain an unfair advantage over competitors who follow the law in their employment practices.  Plaintiff Kathy Rios ("Rios" or "Plaintiff") is one of a number of employees hired by Utility Financial Services, LLC as a salaried office worker.  Rios brings this lawsuit on her own behalf and on behalf of her former co-workers against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1.　　Kathy Rios worked for Utility Financial Services, LLC as an office coordinator from August 15, 2016 to July 12, 2019.  Rios's duties included, but were not limited to, assisting with conference calls, submitting contracts to electric providers, working on reports, revising

contracts, cleaning the refrigerator, making sure the office was presentable, turning on the music and lights, decorating the office and running customer credit cards.

2.	During the time she worked for the Defendant, Rios regularly worked in excess of 40 hours per week.

3.	Defendant paid Rios on a salary basis.  Defendant did not pay Rios an overtime premium for any of the hours she worked in excess of 40 in a workweek.  Instead, Rios was paid the same salary no matter how many hours she worked in a workweek.

4.	Rios worked with numerous other individuals who were paid on a salary basis and who were misclassified as exempt employees.  These individuals were also office workers who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek.  Instead, the Defendant also paid these other individuals a set salary for all hours that they worked in a workweek, including hours over 40.

## Allegations Regarding FLSA Coverage

5.	UFS is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

6.	During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7.	During each of the three years prior to this complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8.      During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9.      During each of the three years prior to this complaint being filed, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce—that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

**Plaintiff's Claims**

10.     Defendant was legally required to pay Rios and her similarly situated salaried co-workers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendant in excess of 40 in any workweek.

11.     Rios worked over 40 hours in many workweeks that she worked for Defendant.

12.     Members of the Class worked over 40 hours in many workweeks that they worked for Defendant.

13.     Defendant did not pay Rios an overtime premium for any of the overtime hours that she worked for the Defendant.  Similarly, Defendant did not pay the Members of the Class an overtime premium for any of the overtime hours that they worked for the Defendant.

14.     The Defendant intentionally misclassified the Plaintiff and her co-workers as exempt employees in order to try to avoid paying overtime to them.  In addition to wrongfully taking money and benefits from its employees, Defendant's intentional and knowing actions allowed Defendant to gain an unfair advantage over its competition in the marketplace.

15.     The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff and

3

Members of the Class. Such practice was, and continues to be with regard to the Members of the Class, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

16. Defendant violated the FLSA by failing to pay Rios and Members of the Class overtime pay for hours worked over 40 per workweek.

17. Rios and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

18. Defendant is liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

19. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying non-exempt office workers on a salary basis. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

20. The class of similarly situated Plaintiffs is properly defined as:

> **All office workers who are/were employed by and paid on a salary basis by Defendant Utility Financial Services, LLC during the three-year period preceding the filing of this Complaint.**

### Defendant, Jurisdiction, and Venue

21. Defendant Utility Financial Services, LLC is a Texas limited liability company and an "employer" as defined by the FLSA. Defendant Utility Financial Services, LLC may be

4

served through its registered agent, Blanca Burciaga at 438 Heights Blvd., Houston, Texas 77007, or wherever she may be found.

22.     This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## **Demand for Jury**

23.     Plaintiff demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all office workers who are/were employed by and paid on a salary basis by Utility Financial Services, LLC during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable law; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF KATHY RIOS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF
KATHY RIOS**